PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELODY EATON-HOLT, | ) | CASE NO. 4:11CV01640 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| WILLIAM CHARLES PERRIE, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

*Pro se* Plaintiff Melody Eaton-Holt filed this action against William Charles Perrie. ECF No. 1. In the Complaint, Plaintiff alleges the Defendant attempted to steal her Social Security check and prevented her from obtaining housing. ECF No. 1 at 2-3. She seeks monetary relief. ECF No. 1-3 at 1.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. ECF No. 2. That Application is granted.

**I. Background**

Plaintiff's Complaint is very brief. She claims she resided in an apartment in Portland Oregon while she was waiting for an apartment in Youngstown, Ohio. ECF No. 1 at 1. She contends the Defendant worked with two individuals at the Portland Housing Authority to steal her social security check. ECF No. 1 at 1. She further alleges that when she was in Youngstown,

(4:11CV01640)

she attempted to withdraw money to pay her rent "when a local employee of Greyhound popped up a ticket to Portland, Oregon and pushed [her] onto the bus." ECF No. 1 at 1. She states she "still had a Oregon I.D. as this was the 4th occurrence of identity theft." ECF No. 1 at 1. She contends that she filed a stalking action, and when she left the court, an employee of the Salvation Army stole her purse and her glasses. ECF No. 1 at 2-3. She alleges that the Defendant works at the Salvation Army. ECF No. 1 at 1. She seeks "damages up to $2,000.00." ECF No. 1-3 at 1.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." Bell Atl. Corp. v. Twombly,

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

(4:11CV01640)

550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. Bell Atl. Corp., 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. Id. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. Bibbo v. Dean Witter Reynolds, Inc., 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

Plaintiff has not set forth a viable federal cause of action to support this Court's jurisdiction. Her claim for "theft" is, at best, either a state tort law claim or perhaps a violation of criminal law. The state law claim can only be brought in federal court using diversity of citizenship jurisdiction which enables the district court to hear cases between citizens of different states where more than $75,000.00.00 is at issue. 28 U.S.C. § 1332(a)(1). Plaintiff seeks two-thousand dollars, and there are no allegations in the complaint reasonably suggesting a greater amount is at stake. ECF No. 1-3 at 1.

To the extent that Plaintiff was attempting to assert a cause of action under a criminal statute, it must be dismissed. Criminal statutes generally do not provide for a private right of action. See U.S. v. Oguaju, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003);

(4:11CV01640)

Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir.1994).  Moreover, Plaintiff cannot initiate criminal charges against the Defendant by filing an action against him.  Criminal actions in the federal courts are initiated by the United States Attorney.  28 U.S.C. § 547; Fed. R. Crim. P. 7(c).

      There is no other cause of action shown in the Complaint upon which federal jurisdiction can be based.  Although this Court recognizes that *pro* se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines, 404 U.S. at 520-21, this Court is not required to create a claim for Plaintiff.  See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  If such a rule were not in place, the Court would be required "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the Court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Beaudett, 775 F.2d at 1278.  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).  Giving Plaintiff's Complaint the most liberal construction possible, there is no discernable basis for federal court jurisdiction.

(4:11CV01640)

## IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

    IT IS SO ORDERED.

January 27, 2012                    */s/ Benita Y. Pearson*
Date                                     Benita Y. Pearson
                                             United States District Judge

---

[2] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."